THE DANSVILLE AND MOUNT MORRIS RAILROAD COMPANY, Appellant, *v.* AMARIAH HAMMOND, Impleaded, etc., Respondent.

*Condemnation proceedings — when the defendant is entitled to costs on a preliminary hearing — practice.*

The only case in which a defendant in condemnation proceedings is entitled to costs upon the preliminary hearing is where he succeeds in having the petition dismissed.

The proper practice in proceedings taken for the condemnation of real property considered and laid down.

APPEAL by the plaintiff, The Dansville and Mount Morris Railroad Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Livingston on the 6th day of July, 1892, upon the report of a referee, adjudging that the plaintiff was entitled to take and hold the property of the defendant described in the petition for railroad purposes, upon making compensation therefor, and that in ascertaining the compensation to be made to the defendant Hammond, the owner thereof, the commissioners should estimate its value, including all rails, ties, culverts, bridges, and all structures thereon. And further adjudging that the said defendant was entitled to recover of the plaintiff $192.79, his costs and disbursments in the action.

*D. T. Richardson*, for the appellant.

*F. C. Peck*, for the respondent.

LEWIS, J.:

This is a proceeding instituted by the plaintiff, a domestic railroad corporation, for the purpose of acquiring, by condemnation, certain lands situated in Livingston county, New York, owned by the defendant Hammond. The plaintiff was organized under the statutes of the State for the purpose of maintaining and operating a railroad in Livingston county, New York, which had been theretofore constructed by the Erie and Genesee Valley Railroad Company, and operated by that company and by the New York, Lake Erie and Western Railroad Company as lessee of the said Genesee Valley Company. The Genesee Valley Company, after it was organized,

instituted proceedings to condemn a right of way across the defend-ant's farm, and carried on such proceedings down to the negotiations with the defendant for the right of way, and, without prosecuting them further, entered upon the defendant's land against his remon-strances, graded a track and constructed superstructures thereon, consisting of bridges, sluices, ties, rails, fences and other improve-ments, and thereupon commenced the operation of its road and ran its trains across the defendant's land until the 1st of January, 1872, when it leased its railroad and franchises to the New York, Lake Erie and Western Railroad Company. The latter company entered into possession and operated the road until 1891. The defendant Hammond in 1884 commenced an action of ejectment against the Erie and Genesee Valley Company and the New York, Lake Erie and Western Railroad Company to recover possession of this strip of land, and in the year 1887 recovered a judgment against the defendants, adjudging that he was seized of an estate in fee in said lands, and was entitled to possession thereof, and by virtue of the judgment and execution the sheriff put the defendant in possession of the land on the 6th day of November, 1891. The plaintiff acquired title to the franchises and property of the Genesee Valley road in October, 1891, through foreclosure proceedings, and there-after, and on the twentieth day of November of that year, instituted these proceedings to condemn the right of way above described across the defendant's land. Issue was joined, and a trial was had before a referee, who made a decision by which he found and decided that the plaintiff was entitled to take and hold the property described in the petition for railroad purposes, and reported that in ascertaining the compensation to be made to the owner the com-missioners should estimate the value of the superstructures upon the land above mentioned, and he further decided that the defendant was entitled to recover costs and disbursements of the proceedings against the plaintiff. An interlocutory judgment was entered upon the said decision ; the plaintiff appealed from said judgment and asks for a reversal of so much thereof as relates to the direction to the commissioners to ascertain the value of the superstructures and to such part thereof as awards costs. It is his contention that the referee did not have jurisdiction to pass upon these questions. The order of reference was in the ordinary form, to the effect that upon

reading and filing the petition of the plaintiff, praying that it may be adjudged that the public use requires the condemnation of the real property therein described, and that the plaintiff may be adjudged entitled to take, hold and possess such property for the purpose of constructing, maintaining and operating its railroad upon making compensation therefor, and that commissioners of appraisal may be appointed to ascertain such compensation, and on reading and filing the answer of the defendant Hammond, it be referred to the referee to hear and determine the issues so joined.

A complete system of practice in condemnation proceedings is provided by chapter 23 of the Code of Civil Procedure. The proceedings are commenced by service of a petition which must contain a specific description of the property to be condemned, its location by metes and bounds with reasonable certainty, the use for which it is required, names and places of residence of the owners, a statement that the plaintiff has been unable to agree with the owner of the property for its purchase, and the reason of such inability, and a general demand for relief to the effect that it may be adjudged that the public use requires the condemnation of the real property described, and that the plaintiff is entitled to take and hold such property for the public use specified, upon making compensation therefor; and that commissioners of appraisal be appointed to ascertain the compensation to be made to the owners of the property so taken. Annexed to the petition to be served must be a notice to the owner of the time and place at which it will be presented to a Special Term of the Supreme Court; the owner may on said day appear and interpose an answer which must contain a general or specific denial of each material allegation of the petition controverted by him, or a statement of new matter constituting a defense to the proceeding. The court is required to try any issue raised by the petition and answer, or it may refer the same to a referee to hear and determine. It is provided that a judgment may be entered pursuant to the decision of the court or referee, and if it is in favor of the defendant the petition shall be dismissed, with costs to be taxed; but if the decision is in favor of the plaintiff, judgment shall be entered adjudging that the condemnation of the real property described is necessary for the public use, and that the

plaintiff is entitled to take and hold said property upon making compensation therefor; the court shall thereupon appoint three commissioners to ascertain the compensation to be made to the owners for the property to be taken. The commissioners are required to view the premises, hear the testimony, reduce it to writing, and fix the amount of compensation which ought to be made to the owner, and make report to the court of their proceedings with the minutes of the testimony taken. The report and testimony must be filed, and any party to the proceeding may move for its confirmation. The court may confirm the report or may set it aside for irregularity or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient. There are provisions regulating the awarding of costs upon the final disposition of the proceedings. The only provision for costs upon the preliminary hearing before the court or referee is in case the petition shall be dismissed; then the defendant is entitled to costs.

The petition presented by the plaintiff contained the usual allegations required by the Code; in stating the reasons of the plaintiff's inability to acquire the title to the land by agreement with the defendant, it is stated that the price demanded by said Hammond was excessive and much beyond the actual value of the lands; that the said Hammond claimed he was entitled to superstructures on said lands and demanded payment therefor, which was refused, and the plaintiff alleges that the superstructures on said lands, consisting of the ties, rails, fences, bridges, sluices and all the property and improvements which the said Erie and Genesee Valley Railroad Company, its agents and lessees, put upon said land in the construction, maintenance and operation of said railroad, is now the property of the plaintiff under the proceedings aforesaid; that in consequence of said demand of said Hammond, and of his refusal to convey the title to said land unless the price demanded by him was paid to him, no agreement can be arrived at for obtaining title thereto, and this proceeding is made necessary. The answer of the defendant Hammond admitted many of the allegations of the petition, and pleaded in bar of the plaintiff's claim to the ownership of the superstructure the judgment in ejectment above mentioned. The learned referee probably embraced in his decision the provision

requiring the commissioners to appraise the superstructures because of the allegations in the petition mentioned. The allegations in the petition in reference to the superstructures were unnecessary and superfluous, except perhaps as affording some explanation of the failure of the parties to come to an agreement as to the value of the land sought to be condemned. There was no demand in the petition to condemn the superstructures; on the contrary, the plaintiff claimed to be the owner of them; hence there was no necessity or propriety in asking for their condemnation. As the plaintiff was not asking for the condemnation of the superstructures the defendant was not required by the provision of the Condemnation Law to make answer regarding that allegation. It may be held ultimately, in view of the judgment in the ejectment action, that the defendant is the owner of said superstructures, but that question will arise before the commissioners when they are assessing the value of the property sought to be condemned, and before the court upon the application for the confirmation of their report. If the superstructures belonged to the defendant the commissioners may take that into consideration in fixing the value of the property. The plaintiff cannot be said to have consented that the referee should pass upon this question, and is, therefore, estopped from raising it upon this appeal, for such a finding on the part of the referee could not have been anticipated, and the plaintiff duly excepted to such finding.

The referee erred in giving costs to the defendant. As we have seen, the only case in which the defendant is entitled to costs upon the preliminary hearing is where he succeeds in having the petition dismissed. The petition was not dismissed in this case, but, on the contrary, the relief asked for was granted to the plaintiff, to wit, that he was entitled to take and hold the property.

The judgment appealed from should be modified by striking therefrom so much thereof as requires the commissioners to appraise the superstructures, and also that part relating to costs, and as so modified it should be affirmed, without costs of this appeal to either party.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

So ordered.